# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Brian Grimsley,
    Petitioner,

vs                              Case No. 1:05cv416
                                   (Dlott, J.; Black, M.J.)

Rob Jeffreys,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a prisoner in state custody at the North Central Correctional Institution in Marion, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's "Answer/Return Of Writ" with attached exhibits, and petitioner's "traverse" in reply to the return of writ. (*See* Docs. 1, 5, 6).

### Factual And Procedural Background

On July 3, 2002, petitioner was indicted by the Butler County, Ohio, grand jury on four counts of sexual battery as defined in Ohio Rev. Code § 2907.03(A)(5). (Doc. 5, Ex. 1). After a jury trial, petitioner was found guilty as charged. (*Id.,* Ex. 7). After a hearing, petitioner was sentenced on February 10, 2003 to four (4) year terms of imprisonment on each charge, with two of the sentences to run consecutively, for an aggregate prison term of eight (8) years. (*Id.*, Ex. 10; Ex. 24, Tr. 11-12).[1]

---

[1] Petitioner also was determined to be a "sexually oriented offender" for registration and reporting purposes after his release from prison, as set forth in Ohio Rev. Code §§ 2950 *et seq*. (*See* Doc. 5, Ex. 10, p. 2; Ex. 24, Tr. 8-9).

With the assistance of trial counsel, petitioner filed a timely notice of appeal to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 11). Thereafter, with the assistance of new counsel, petitioner filed a brief on appeal raising three assignments, including a claim challenging the imposition of "consecutive terms of imprisonment for more than the minimum term of incarceration" on a "first time felon." (*Id.,* Ex. 12).

On April 5, 2004, the Ohio Court of Appeals issued an Opinion overruling two of the assignments of error and affirming petitioner's conviction, but sustaining the assignment of error regarding petitioner's sentence. (*Id.,* Ex. 14). The court vacated petitioner's sentence and remanded the case for re-sentencing in accordance with the following analysis contained in the court's Opinion:

> Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive terms of imprisonment if it makes three findings. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(E)(4). Second, the consecutive terms of imprisonment must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C. 2929.14(E)(4) - (a) through (c) applies:
>
>> "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>>
>> "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
>>
>> "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

> When imposing consecutive sentences, the trial court must make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing. *State v. Comer*, 99 Ohio St.3d 468, [793 N.E.2d 473], paragraph one of the syllabus. R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute to impose consecutive sentences upon an offender. . . . However, the trial court must state sufficient supporting reasons for the imposition of a consecutive sentence. R.C. 2929.19(B)(2)(c). . . .
>
> In the present case, review of the record reveals that the trial judge stated on the record during the sentencing hearing that, "[t]his was a period of conduct that had gone on for years. And there was a victim here, and there was a victim that was very injured. *** when confronted with the facts, the defendant initially denied touching the victim inappropriately. And there was injury to the victim which was worsened by physical and mental condition and the age of the victim. The victim suffered serious physical psychological and economical harm as a result of the offense. This was a household member. You were in a position of trust, and you took advantage of that trust with regard to this child."
>
> However, the trial court did not make a finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public as required by R.C. 2929.14(E). While the trial court stated reasons which may support the imposition of consecutive sentences, absent findings related to the statutory sentencing scheme, we must reverse and vacate the consecutive sentence imposed by the trial court and remand this matter for re-sentencing in accordance with R.C. 2929.14(E)(4), R.C. 2929.19(B)(2) and *Comer*. . . .

(*Id.,* pp. 7-10) (some state case citations omitted).

In accordance with the Court of Appeals' mandate, a re-sentencing hearing was held on May 3, 2004. (*See id.,* Ex. 15). In an entry issued May 5, 2004, petitioner was re-sentenced to the same terms of imprisonment totaling eight (8) years that had

been imposed originally. (*Id.*).[2]

Thereafter, on August 19, 2004, petitioner filed a *pro se* notice of appeal and motion for delayed appeal to the Supreme Court of Ohio from the Ohio Court of Appeals' April 5, 2004 direct appeal decision, wherein his conviction was affirmed and his sentence was vacated. (*Id.*, Exs. 16-17). In support of his motion for delayed appeal, petitioner argued in part that the trial court had failed to comply with the Ohio Court of Appeals' order to re-sentence him "to the statutorily required minimum." (*Id.*, Ex. 17). On September 29, 2004, the Supreme Court of Ohio denied petitioner's motion for delayed appeal and dismissed the case without opinion. (*Id.*, Ex. 18).

On October 27, 2004, petitioner next filed a *pro se* notice of appeal and motion for delayed appeal with the Ohio Court of Appeals, Twelfth Appellate District, in which he stated his "intent . . . to appeal the decision of the . . . Court of Appeals . . . issued on April 5, 2004, which the Common Pleas Court of Butler County has ignored." (*Id.*, Ex. 19). On December 9, 2004, the Court of Appeals denied petitioner's motion for leave to file a delayed appeal and dismissed the case without opinion. (*Id.*, Ex. 21).

Petitioner timely sought leave to appeal the Court of Appeals' December 9,

---

[2] Apparently, the re-sentencing hearing has not been transcribed. (*See* Doc. 5, Brief, p. 4). In the May 5, 2004 Entry, the trial court stated that it had "considered the record, oral statements, any victim impact statement and presentence report prepared, *as well as the Court of Appeals' decision* and the principles and purposes of sentencing under Ohio Rev. Code Section 2929.11 and has balanced the seriousness and recidivism factors [under] Ohio Rev. Code Section 2929.12." (Doc. 5, Ex. 15) (emphasis added). The court went on to find, as it had in the vacated sentencing Entry of February 10, 2003, that (1) "pursuant to Revised Code Section 2929.14(B) ... the shortest prison term will demean the seriousness of the defendant's conduct and ... will not adequately protect the public from future crime by the defendant or others[;]" and (2) "[p]ursuant to Revised Code Section 2929.14(E), . . . [c]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public," and "[t]he harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct." (*Id.*; *see also* Ex. 10).

2004 decision to the Supreme Court of Ohio.[3] (*Id.*, Ex. 22). Petitioner argued in support of his motion for leave to appeal that the case "presents a major constitutional question," because the Butler County Common Pleas Court "IGNORED" the Court of Appeals' April 5, 2004 remand order by re-sentencing "word for word [to] the same sentence." (*Id.*). On March 2, 2005, the Supreme Court of Ohio denied petitioner's "motion for delayed appeal" and dismissed the "cause" without opinion. (*Id.,* Ex. 23).

Petitioner submitted the instant habeas corpus petition for filing soon thereafter. The petition, signed by petitioner on April 14, 2005, was stamped as "received" by the Court on April 29, 2005 and was officially "filed" on June 17, 2005. Petitioner alleges as the sole ground for relief that the trial court "erred in sentencing" by violating the Ohio Court of Appeals' April 5, 2004 order vacating the consecutive sentences originally imposed, as well as by failing to sentence him to the shortest prison term as a "first time offender" as required under Ohio Rev. Code § 2929.14(B). (Doc. 1, p. 5).

In the return of writ, respondent has acknowledged that this case does not trigger any statute of limitations concerns. (Doc. 5, Brief, pp. 6-8). Although respondent asserts that petitioner has not properly exhausted his claim for relief in the state courts, it further appears that it would be futile to require petitioner to exhaust any additional, arguably available state court remedies at this juncture.[4] Therefore, the undersigned will proceed to consider petitioner's claim for relief in light of

---

[3] Although petitioner's pleading on further appeal to the Supreme Court of Ohio was entitled "Motion For Delayed Appeal," the record reflects that petitioner filed his appeal documents with the clerk of court on January 10, 2005 (*see* Doc. 5, Ex. 22), well within the 45-day period allotted for perfecting a timely appeal to the state's highest court. *See* Rule II, § 2(A)(1)(a), Rules of Practice of the Supreme Court of Ohio.

[4] Specifically, respondent contends that the remedy of a delayed appeal to the Ohio Court of Appeals is available for petitioner to pursue his claim challenging his re-sentencing. (Doc. 5, Brief, p. 12). However, petitioner has already brought this matter to the state courts' attention by way of his October 27, 2004 motion for delayed appeal to the Ohio Court of Appeals, the denial of which was appealed further to the Supreme Court of Ohio. (*See id.,* Exs. 19, 21, 22). Moreover, even assuming, *arguendo*, that petitioner could attempt another such appeal by properly filing a motion for delayed appeal pursuant to Ohio R. App. P. 5(A) from the trial court's May 5, 2004 re-sentencing Entry, the exhaustion requirement should be excused in this case because, as discussed *infra* pp. 6-9, it is clear from the record that petitioner is not entitled to habeas relief based on his claim of error alleged herein. *See* 28 U.S.C. § 2254(b)(2); *see also Granberry v. Greer*, 481 U.S. 129, 135 (1987) (although there is a strong presumption in favor of requiring the exhaustion of available state court remedies, such requirement may be excused under certain circum-stances –i.e., in cases where the unexhausted claims are plainly meritless, or the petition does not even raise a colorable federal claim, and it therefore is in the interests of the parties and judicial economy to promptly address the merits of the petition).

5

respondent's additional arguments contained in the return of writ addressing the merits of such claim. (*See id.,* pp. 13-16).

## OPINION

### Petitioner Is Not Entitled To Relief Based On His Claim Challenging His Aggregate Eight-Year Sentence, Which Was Reimposed On Re-Sentencing

In his sole ground for relief, petitioner challenges the re-sentencing order entered on May 5, 2004. Specifically, petitioner alleges he is entitled to relief because (1) the trial court violated the Court of Appeals' remand order when it reimposed consecutive sentences, and (2) as a "first time offender," he could only be sentenced to the minimum term of incarceration. (Doc. 1, p. 5 & attached "Memorandum In Support Of Jurisdiction;" *see also* Doc. 6).

As an initial matter, the Court is precluded from reviewing this claim to the extent petitioner asserts he is entitled to relief due to an alleged violation of Ohio's sentencing statutes or state court order. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, this Court shall not upset the state trial court's re-sentencing determination unless the alleged errors amounted to a violation of petitioner's constitutional rights. *Id.; cf. Terry v. Trippett,* 62 F.3d 1418 (table), No. 94-2077, 1995 WL 469424 (6th Cir. Aug. 7, 1995) (unpublished).

In this case, however, petitioner has not demonstrated that constitutional error occurred which may be remedied on federal collateral review of his state conviction.

First, the record does not support petitioner's allegation that the trial court "ignored" or otherwise violated the Ohio Court of Appeals' April 5, 2004 order vacating his original sentence and remanding the matter for re-sentencing. Pursuant to the state appellate court's remand order, the trial court held a hearing on May 3, 2004 before re-sentencing him to the same consecutive terms of incarceration that had originally been imposed. Moreover, the re-sentencing Entry of May 5, 2004 reflects

6

that the trial court reached its sentencing decision after making the requisite statutory findings under Ohio Rev. Code § 2929.14(B) that "the shortest prison term will demean the seriousness of the defendant's conduct and will not adequately protect the public from future crime by the defendant and others," as well as under Ohio Rev. Code §2929.14(E) that "[c]onsecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public" and that the "harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct." (*See* Doc. 5, Ex. 15).

Petitioner has not argued that the trial court failed to give reasons on the record at the re-sentencing hearing supporting these statutory findings. He contends only that the trial court erred because the Ohio Court of Appeals vacated his sentence on direct appeal so that he could be re-sentenced to a non-consecutive, "statutorily required minimum" sentence for the four charged offenses. (*See* Doc. 1, p. 5 & attached "Memorandum In Support Of Jurisdiction;" Doc. 6).

Contrary to petitioner's contention, the Ohio Court of Appeals did not remand the matter for re-sentencing to a specified, non-consecutive minimum term of imprisonment. Instead, the state appellate court found that at petitioner's initial sentencing hearing, the trial court had provided reasons that could "support the imposition of consecutive sentences," but had not made certain "enumerated findings" related to Ohio's "statutory sentencing scheme" based on such reasons as required by state law. (*See* Doc. 5, Ex. 14, pp. 9-10). The matter, therefore, was remanded to the trial court for the purpose of holding another re-sentencing hearing that would conform to these state-law requirements.

Such a hearing was held in accordance with the Court of Appeals' mandate. Because petitioner has neither argued nor presented evidence to the state courts or in the instant petition even remotely suggesting that the trial court failed to make the requisite statutory findings on the record at the re-sentencing hearing held on May 3, 2004, he has not demonstrated that a factual basis exists for his claim of error stemming from the trial court's purported failure to comply with the Ohio Court of Appeals' direct appeal decision.

Second, petitioner has not demonstrated that he is entitled to habeas relief based

7

on the merits of any claim that, as a federal constitutional matter, he could only be sentenced as a "first time offender" to the statutory minimum sentence for sexual battery offenses.

The Eighth Amendment proscribes the infliction of "cruel and unusual punishments." U.S. Constit. amend. VIII. This provision "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." *Solem v. Helm,* 463 U.S. 277, 284 (1983). In *Solem,* the Court stated:

> Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional. As the Court noted in *Robinson v. California,* 370 U.S. [660,] 667 [(1962)], a single day in prison may be unconstitutional in some circumstances.

*Id.* at 290 (footnote reference omitted, wherein the Court emphasized that it was not acting outside its role by substituting its judgment for that of the sentencing court as to the appropriateness of a particular sentence, but rather was deciding whether the sentence under review was "within constitutional limits" under the Eighth Amendment).

Strict proportionality between a crime and its punishment is not required by the Eighth Amendment. *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.) (citing *Harmelin v. Michigan,* 501 U.S. 957, 959-60 (1991)), *cert. denied,* 531 U.S. 882 (2000). Rather, "only an extreme disparity between crime and sentence offends the Eighth Amendment." *Id.* (citing *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir. 1991)). A sentence that falls within the maximum penalty set by statute "generally does not constitute 'cruel and unusual punishment'" within the meaning of the Eighth Amendment. *Bryant v. Yukins,* 39 Fed.Appx. 121, 123 (6th Cir. Apr. 29, 2002) (not published in Federal Reporter) (quoting *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000), in turn quoting *United States v. Organek,* 65 F.3d 60, 62 (6th Cir. 1995)), *cert. denied,* 537 U.S. 925 (2002).

In this case, petitioner was sentenced to terms of imprisonment that fell well within the maximum penalty set by statute for sexual battery offenses. Moreover, the trial court only imposed two consecutive four-year terms of imprisonment, or an

aggregate eight-year prison sentence, despite the fact that petitioner was convicted of four sexual battery offenses stemming from a course of conduct involving the molestation of his step-daughter on a weekly basis over a period of eight years from the time she was six years old until fourteen years of age. (*See* Doc. 5, Ex. 14, p. 2).

The sentence imposed was not grossly disproportionate to the offenses committed, and therefore does not trigger concerns under the Eighth Amendment. In addition, there is no evidence in the record to support a claim of a due process violation. Indeed, although the Ohio Court of Appeals concluded on direct appeal that the trial court erred as a matter of state law at the sentencing hearing held on February 10, 2003, it appears upon review of the transcript of that hearing that as a federal constitutional matter, there was a rational basis for the trial court's statutory findings set forth in the initial sentencing Entry, which justifies the imposition of more than the minimum sentence under Ohio Rev. Code § 2929.14(B) and consecutive sentences under Ohio Rev. Code § 2929.14(E). (*See id.,* Exs. 10, 24).

Accordingly, the undersigned concludes that petitioner is not entitled to habeas corpus relief based on his sole claim for relief alleged in the petition challenging his aggregate eight-year prison sentence upon his conviction after a jury trial on four counts of sexual battery.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's sole claim for relief, which was addressed on the merits herein, because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" that is "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an

appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:    2/6/07                              s/Timothy S. Black                       
    cbc                                                Timothy S. Black
                                                                           United States Magistrate Judge

P:\Barrett-Weber-Black\TSB\05-416 RR.wpd

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Grimsley,
    Petitioner,

                               Case No. 1:05cv416
      v.                      (Dlott, J.; Black, M.J.)

Rob Jeffreys,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).